UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEREDITH BONIN, on behalf of Herself and all other similarly situated, </br></br>Plaintiff,</br></br>v.</br></br>AMICA MUTUAL INSURANCE COMPANY,</br>Defendant | NO.: 1:17-CV-10434-ADB |

## FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, the Parties entered into a Settlement Agreement to settle the above-captioned class action and this Court preliminarily approved the Settlement Agreement Of Settlement (the "Preliminary Approval Order") on May 23, 2018; and

WHEREAS, in accordance with the Preliminary Approval Order, Class Notice was sent to all Settlement Class Members via first class mail in a timely manner on June 11, 2018; and

WHEREAS, one Settlement Class Member submitted timely requests to be excluded from the Settlement; and

WHEREAS, no Settlement Class Member submitted timely objections to the Settlement, which objections were sent to this Court for its consideration; and

WHEREAS, on August 29, 2018, this Court held a hearing on the fairness of the proposed settlement of this class action, at which objectors to the settlement could appear and no objectors appeared; and

WHEREAS, the Parties and the Claims Administrator have complied with the Preliminary Approval Order; and

WHEREAS, the claims at issue in the Action involve issues as to which there are substantial grounds for difference of opinion, and the proposed settlement of this action constitutes a resolution of those issues that is fair, reasonable, and adequate;

NOW, THEREFORE, based upon the submissions of the Parties and Class Members, due consideration of any objections, any testimony adduced at the Final Approval Hearing, the pleadings on file, and the arguments of counsel, and having reviewed the pleadings and evidence filed in support of the request for final approval of the Settlement, the Court finds, and IT IS HEREBY ORDERED, as follows:

1. Capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement Of Settlement, a copy of which is attached to the Joint Motion for Preliminary Approval of Class Action Settlement [ECF No. 47-1] and is incorporated herein by reference.

2. The Court has personal jurisdiction over the Named Plaintiffs, the Settlement Class, and Amica. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(d).

3. The settlement was reached with the assistance of a mediator, followed by arm's-length negotiations between the Parties.

4. The settlement is fair, reasonable, and adequate, consistent with all applicable requirements of the Federal Rules Of Civil Procedure, the United States Code, and United States Constitution (including the Due Process Clause), and any other applicable law; and in the best interests of the Parties and Settlement Class.

5. In negotiating the settlement, Named Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members.

6. The form and method of delivery of the Class Notice: (i) constituted the best practicable notice under the circumstances; (ii) was concise, clear and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the claims, and the issues presented in the action, the definition of the Settlement Class certified, the right of Settlement Class Members to opt out of the action, the terms of the settlement, including the settlement consideration and the release to be provided to Amica, the right of Settlement Class Members to object to the settlement, the right of Settlement Class Members to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on the Settlement Class; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules Of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

7. The terms of the settlement and this Final Order And Judgment are binding on the Named Plaintiffs and the Settlement Class, except Settlement Class Members who timely excluded themselves from the settlement.

8. After due consideration by the Court, all timely objections to the settlement are hereby overruled.

9. The Parties, their counsel, and the Claims Administrator are ordered to carry out and implement the settlement according to its terms and provisions as provided in the Settlement Agreement Of Settlement, including compliance with all deadlines set forth therein and in the Preliminary Approval Order.

10. This Action is hereby DISMISSED WITH PREJUDICE.

11. The Releases contained in the Settlement Agreement are hereby effective. The Releases are binding and valid against the Named Plaintiffs and the Settlement Class. Settlement Class Members who have not properly excluded themselves from the Settlement are conclusively deemed to have released Amica from all Released Claims as defined in the Settlement Agreement, and are forever barred and enjoined from instituting or further prosecuting against Amica, in any forum, any causes of action, suits, claims or demands of any nature, whether known or unknown at this time, which the Settlement Class Members now have or ever may have, arising out or relating to the Released Claims.

12. The Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the settlement and the Settlement Agreement Of Settlement attached hereto as (i) may be necessary and are consistent with this Judgment, and (ii) do not limit the rights of the Settlement Class under the settlement.

13. The Settlement Agreement Of Settlement and any proceedings taken pursuant thereto are not, and may not be offered or received as evidence in any other civil, criminal, bankruptcy, or administrative action or proceeding of (i) any presumption, concession, or admission by or against Amica of any fact or matter; or (ii) any presumption, concession, or admission of any liability, fault, wrongdoing, or other dereliction of duty by any Released Person; provided, however, that reference may be made to the Settlement Agreement Of Settlement in proceedings that may be necessary to effectuate the provisions of the Settlement Agreement Of Settlement.

14. The Court hereby grants final approval of the Settlement Class Payment as set forth in the Settlement Agreement.

15. The Court hereby grants final approval of (i) an award of attorneys' fees and costs to Class Counsel in the amount of $ 475,000 and (ii) a Class Representative award to the Named Plaintiff in the amount of $ 5,000, both to be paid as provided in the Settlement Agreement Of Settlement.

16. Pursuant to the terms hereof, final judgment shall be entered as provided herein.

17. The Clerk is directed to enter this Judgment forthwith.

**So Ordered.**

Dated: August 29, 2018

/s/ Allison D. Burroughs
Allison D. Burroughs
United States District Judge

5